Ham *v.* Ham.

ANDREW G. HAM AND ALS., *Petitioners for Partition, versus*

RUFUS HAM.

After interlocutory judgment for partition no costs can be taxed for the petitioner against the respondent.

PETITION FOR PARTITION.

The petition was duly served on the respondent, who appeared, and plead that he was sole seized of a portion of the land described in the petition for partition. Issue was taken upon this plea and a trial had, and the jury returned a verdict against the respondent. Commissioners were appointed to make partition, who performed the service and made their report, which was accepted, and petitioners were allowed to recover costs against the respondents. The bill of costs was taxed, and embraced travel and attendance, and the usual taxable costs, *before* and *after* the appointment of commissioners to make partition, and also including the commmissioners' fees.

The counsel for respondent objected at the hearing before the clerk, to the allowance of any costs for the petitioners *after* the term when judgment was rendered upon the verdict in favor of the petitioners, and the interlocutory judgment was entered, and especially to the taxation of the commissioners' bill for making partition. The clerk *pro forma* allowed the whole bill as taxed; and the counsel for defendfendant appealed from this decision.

This case was presented to GOODENOW, J., in vacation, who having been of counsel in the case, and as it presented a new question, by agreement of parties it was submitted to the opinion of the whole court, sitting in the eastern district, May term, 1858.

*A. Lowe,* counsel for petitioners, argued that they were entitled to costs for the whole time the case was upon the docket, including that of commissioners in making partition, and cited R. S., chap. 121, sec. 14, chap. 115, sec. 56.

*N. D. Appleton,* counsel for respondent, contended that the statute cited by petitioner's counsel referred only to the costs before interlocutory judgment, that partition be made, and not after.

CUTTING, J.    Sec. 11 of the R. S., chap. 121, authorizes any person interested in the premises of which partition is prayed, to appear and defend, and show cause why the petitioner ought not to have partition, as prayed for, in whole or in part.

Sec. 13 provides that "If it shall appear that the respondent has no estate or interest in the lands, the objections to the partition shall be no further a matter of inquiry, and the petitioner shall recover of the respondent the costs *attending the trial.*"

Now, when are the costs recoverable? When "it shall appear that the respondent has no estate or interest in the lands." How does it so appear? By a decision of the issues presented at the trial, and until it shall so appear no interlocutory judgment can be entered. And in the language of Bronson, C. J., "one must wink very hard not to see" that after such an entry there can be no trial, and it is only the costs "attending the trial" which are taxable.

After judgment for partition the petitioner can no longer have an adversary in court—the judgment has expelled him. But on the notice given by the commissioners, as prescribed by the 23d sec., any person interested may appear before them, and may even follow them into court, and show cause why their report should not be accepted, and to such, even if they should succeed, the statute allows no cost, neither does it allow costs to be taxed against them in case they are unsuccessful.    And because such person interested has contested the petitioner's title, and subjected himself to the payment of legal costs, it by no means follows that thereby he may not subsequently be heard with impunity, the same as though he had not originally defended against the title. Moore v. Mann, 29 Maine R., 559.    No costs can be taxed

for the petitioner against the respondent, which in any way accrued after the interlocutory judgment.